**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>FASTINO SOTO, )<br>)<br>Defendant. )<br>_____ ) | CRIMINAL ACTION<br><br>No. 14-20014-12-KHV |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendant's Motion To Disclose Confidential Informants (Doc. #287) filed August 26, 2015; Motion To Reveal Deals And/Or Concessions (Doc. #288) filed August 26, 2015; Motion To Identify And Determine Admissibility Of Co-Conspirator Statements And Request For Pre-Trial Hearing (Doc. #289) filed August 26, 2015; Motion To Exclude *Bruton* Evidence (Doc. #297) filed August 31, 2015; Motion To Exclude Co-Conspirators'/Co-Defendants' Testimonial Statements (Doc. #298) filed September 1, 2015; and Defendant's 1st Motion For Exculpatory Evidence And Impeachment Information (Doc. #299) filed September 1, 2015.

**I.     Motion To Disclose Confidential Informants (Doc. #287)**

**A.     Identity Of Co-Defendants Who Are Cooperating Witnesses**

Defendant seeks an order which requires the government to disclose the identity of any co-defendants who are cooperating witnesses. The government responds that it has informed defendant that all named co-defendants are cooperating with the government. See Consolidated Response To Defendant's Pretrial Motions ("Government Response") (Doc. #311) filed October 15, 2015 at 11. In light of the government response, defendant's motion is moot with regard to this request.

### B.   Identity Of Confidential Informants Who Had Contact With Defendant, Co-Conspirators Or Co-Defendants During Investigation Of Case

Defendant seeks an order which requires the government to disclose the identity of all confidential informants who had contact with defendant or any co-conspirator or co-defendant during the investigation of this case. Defendant asserts that under Roviaro v. United States, 353 U.S. 53 (1957), such informants are "transactional witnesses," i.e. active participants in events leading to his arrest, and that defendant should be allowed to interview such persons and decide whether they are necessary for his defense.

The government responds that the parties have agreed that 60 days before trial, the government will arrange for the defense to interview the confidential informants relevant to defendant's prosecution. The government states that it will disclose information regarding cooperating individuals if they actively participated and are material witnesses to the acts underlying the prosecution. See Government Response (Doc. #311) at 12. The government states that it will comply with the requirements set forth in this Court's pretrial orders, the Federal Rules of Criminal Procedure, Brady v. Maryland, 373 U.S. 83 (1963), and Giglio v. United States, 405 U.S. 150 (1972), and that defendant has not shown that he is entitled to additional information. See Government Response (Doc. #311) at 12-18. For reasons stated by the government, see id. at 12-18, the Court agrees that defendant has not shown that he is entitled to additional information at this time. Aside from information which the government has agreed to provide, defendant's motion is overruled.

### C.   Criminal Records Of Witnesses, Informants And Co-Defendants

Defendant seeks an order which requires the government to disclose the criminal records of witnesses who will be called by the government, informants and co-defendants who are cooperating witnesses, along with any promises or other incentives offered to said witnesses, informants and co-

defendants in exchange for their cooperation. In response to defendant's motion, the government states that two weeks before trial, it will run the National Crime Information Center ("NCIC") criminal history for all civilian witnesses and give defendant notice of relevant criminal history at that time. For reasons stated by the government, see id. at 17-18, defendant has not shown that he is entitled to additional information at this time. Aside from information which the government has agreed to produce, defendant's motion is overruled.

**II.     Motion To Reveal Deals And/Or Concessions (Doc. #288)**

Defendant seeks an order which requires the government to disclose any documents, reports or evidence relating to deals or inducements offered to any potential witness in this case, including oral agreements and deals with state or local authorities working in conjunction with the government. The government responds that it will provide all exculpatory evidence as required by law and the Court's pretrial orders. See Government Response (Doc. #311) at 18. For reasons stated by the government, see id. at 18-21, defendant has not shown that he is entitled to additional information at this time. Aside from information which the government has agreed to produce, defendant's motion is overruled.

**III.    Motion To Identify And Determine Admissibility Of Co-Conspirator Statements And Request For Pre-Trial Hearing (Doc. #289)**

Defendant seeks an order which requires that before trial, the government identify all co-conspirator statements which it intends to offer at trial. Defendant does not specify when before trial he believes that the government should provide such information. The government responds that it has provided defendant access to copies of reports related to co-conspirator statements, copies of intercepted telephone calls, recordings of trafficking activities and reports related to drug transactions. See Government Response (Doc. #311) at 25. In light of the government response, the Court overrules defendant's request as moot.

Defendant asks the Court to hold a James hearing to determine the admissibility of co-conspirator statements. The Tenth Circuit has strongly recommended that before admitting statements of co-conspirators under Rule 801(d)(2)(E), Fed. R. Evid.,[1] district courts hold a pretrial hearing to determine whether the alleged conspiracy existed.[2] See United States v. Townley, 472 F.3d 1267, 1273 (10th Cir. 2007); United States v. Gonzalez-Montoya, 161 F.3d 643, 648 (10th Cir. 1998). A district court retains discretion, however, to forego a James hearing and conditionally admit co-conspirator statements subject to the government "connecting up" the statements at a later point in trial. See United States v. Pinto, 838 F.2d 426, 433 (10th Cir. 1988); Gonzalez-Montoya, 161 F.3d at 649.

Defendant urges the Court to hold a James hearing because this case involves a large number of defendants and/or co-conspirators over a lengthy time period, and the indictment refers to others "known and unknown" to the Grand Jury. See Doc. #289 at 2. Based on the Court's extensive experience in trying similar cases, the Court finds that defendant's motion for a James hearing should be overruled. In particular, the Court believes that provisionally admitting co-conspirator statements will be more expeditious and efficient than conducting a pretrial hearing. The government has

---

[1] Under Rule 801(d), Fed. R. Evid., a statement is not hearsay if it is offered against an opposing party and "was made by the party's coconspirator during and in furtherance of the conspiracy." Fed R. Evid. 801(d)(2)(E). The statement must be considered but does not by itself establish the existence of the conspiracy or defendant's participation therein. Fed. R. Evid. 801(d)(2).

[2] Before admitting co-conspirator statements, the Court must determine by a preponderance of the evidence that (1) a conspiracy existed, (2) defendant and declarant were members of the conspiracy, and (3) declarant made the statements during the course of and in furtherance of the conspiracy. See United States v. Thornburgh, 645 F.3d 1197, 1210 (10th Cir. 2011). In making its preliminary factual determination as to whether a conspiracy exists, the Court may consider the proffered statement, along with independent evidence tending to establish the conspiracy. United States v. Lopez-Guttierrez, 83 F.3d 1235, 1242 (10th Cir. 1996) (court may consider co-conspirator statements in determining existence of conspiracy) (citing Bourjaily v. United States, 483 U.S. 171 (1987)).

provided substantial discovery which it asserts will establish a conspiracy. On this record, it appears that a James hearing would essentially duplicate the voluminous evidence at trial and waste judicial resources – and those of counsel – with little resulting gain. Furthermore, it appears that defendant will suffer no discernable prejudice if the evidence is conditionally admitted at trial.[3] The Court therefore overrules defendant's request for a pretrial hearing on the admissibility of co-conspirator statements.

I**V.**     **Motion To Exclude *Bruton* Evidence (Doc. #297)**

Under Bruton v. United States, 391 U.S. 123 (1968), and its progeny, defendant asks the Court to exclude out-of-court statements of co-defendants or co-conspirators which directly inculpate defendant and order redaction of any reference to defendant in admissions by any non-testifying co-defendant and/or co-conspirator. The government responds that it is not clear exactly what statements defendant seeks to exclude. See Government Response (Doc. #311) at 29-30. The government states that it intends to admit all evidence which does not violate Bruton and which is otherwise admissible. See id. at 30. Defendant's motion is difficult to decide in the abstract. The Court therefore overrules the motion without prejudice. In the context of trial, defendant may challenge the admissibility of any such evidence.

**V.**     **Motion To Exclude Co-Conspirators'/Co-Defendants' Testimonial Statements (Doc. #298)**

Under Crawford v. Washington, 541 U.S. 36 (2004), defendant seeks to exclude testimonial statements by co-defendants and alleged co-conspirators unless the declarant is unavailable and defendant has had an opportunity to cross-examine him or her. Defendant asserts that when a statement

---

[3] At the motion hearing on November 23, 2015, defense counsel asserted that based on the number of co-conspirators and discovery produced in the case, it is "clear" that multiple conspiracies existed at the same time. Defendant has not shown specific facts regarding multiple conspiracies or any reason to believe that the government plans to attribute to defendant statements from a conspiracy to which he did not belong.

is testimonial in nature, it is subject to requirements of the Confrontation Clause. See United States v. Miller, 250 F.R.D. 588 (D. Kan. 2008). The government responds that it has no intention of violating Crawford. See Government Response (Doc. #311) at 32. Defendant's motion is difficult to decide in the abstract. The Court therefore overrules the motion without prejudice. In the context of trial, defendant may challenge the admissibility of any such evidence.

## VI. Defendant's 1st Motion For Exculpatory Evidence And Impeachment Information (Doc. #299)

Defendant seeks an order which requires the government to produce all evidence which may be material to the issue of guilt or punishment or could be used in any way to impeach or discredit government witnesses. See Doc. #299 at 1-2. In addition, defendant sets forth 57 paragraphs of specific discovery requests. Id. at 2-13. The government responds that it will provide all exculpatory evidence as required by law and the Court's pretrial orders.[4] Government Response (Doc. #311) at 18. The government states that defendant seeks disclosures beyond what is required by law, such as "impeachment material" for individuals who will not be called as witnesses at trial. Id. at 18-21. For reasons stated by the government, see id., defendant has not shown that he is entitled to additional information at this time. Aside from information which the government has agreed to produce, defendant's motion is overruled.

## VII. Government Request For Reciprocal Discovery

The government asks the Court to set a deadline for defendant to meet his reciprocal disclosure obligations. See Government Response (Doc. #311) at 38. At the motions hearing on November 23, 2015, defense counsel stated that at that time he did not have any Rule 16 discovery to produce and that

---

[4] At the motions hearing, the parties informed the Court that they have agreed to dates for such disclosures.

if and when he discovered any, he would produce it to the government. The Court expressed concern that counsel did not have a single thing to produce and instructed him to address the matter right away. Under the circumstances, the Court will not set a deadline at this time. If at any time the government believes that defendant has not met his reciprocal discovery obligations, it should file a separate motion in this regard.

**IT IS THEREFORE ORDERED** that defendant's Motion To Disclose Confidential Informants (Doc. #287) filed August 26, 2015 be and hereby is **SUSTAINED in part.** Defendant's motion is sustained as to information which the government has agreed to produce and otherwise overruled.

**IT IS FURTHER ORDERED** that defendant's Motion To Reveal Deals And/Or Concessions (Doc. #288) filed August 26, 2015 be and hereby is **SUSTAINED in part.** Defendant's motion is sustained as to information which the government has agreed to produce and otherwise overruled.

**IT IS FURTHER ORDERED** that defendant's Motion To Identify And Determine Admissibility Of Co-Conspirator Statements And Request For Pre-Trial Hearing (Doc. #289) filed August 26, 2015 be and hereby is **OVERRULED.**

**IT IS FURTHER ORDERED** that defendant's Motion To Exclude *Bruton* Evidence (Doc. #297) filed August 31, 2015 be and hereby is **OVERRULED without prejudice**. Defendant may challenge the admissibility of any such evidence in the context of trial.

**IT IS FURTHER ORDERED** that defendant's Motion To Exclude Co-Conspirators'/Co-Defendants' Testimonial Statements (Doc. #298) filed September 1, 2015 be and hereby is **OVERRULED without prejudice**. Defendant may challenge the admissibility of any such evidence in the context of trial.

**IT IS FURTHER ORDERED** that Defendant's 1st Motion For Exculpatory Evidence And Impeachment Information (Doc. #299) filed September 1, 2015  be and hereby is **SUSTAINED in part.**  Defendant's motion is sustained as to information which the government has agreed to produce and otherwise overruled.

Dated this 11th day of December, 2015 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge
