**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL ACTION |
| | ) | |
| v. | ) | No. 14-20014-12-KHV |
| | ) | |
| FAUSTINO SOTO, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

The Court previously approved $595.00 for polygraph services. This matter is before the Court on defense counsel's request for approval of an additional $3,493.10 for polygraph services. See Letter from Tim Mudd dated May 18, 2017. For reasons stated below, the Court denies counsel's request.

As counsel notes, this was one of the early cases that was budgeted through the Tenth Circuit budgeting attorney. In the approved budget, counsel was authorized to spend $595.00 for an investigator. Instead of hiring an investigator, counsel retained Alan J. Jennerich to provide polygraph services. Mr. Jennerich billed $4,088.10 for such services. Through the budgeting process, counsel was on notice that if additional expenditures were necessary, he must seek prior authorization. Likewise, the Criminal Justice Act ("CJA") generally requires that counsel secure prior court approval of investigative, expert or other services. 18 U.S.C. § 3006A(e)(1).

The CJA permits counsel to expend a limited amount, up to $800.00, without prior authorization if counsel later establishes that the services were necessary for adequate representation and reasonably incurred. 18 U.S.C. § 3006A(e)(2)(A). Of course, the budgeting process largely supplants this provision with the idea that all necessary services will be included in the approved

budget. The CJA also permits counsel to expend more than $800.00 for necessary services without prior authorization if the Court finds that in the interest of justice, "timely procurement of necessary services could not await prior authorization." 18 U.S.C. § 3006A(e)(2)(B). That exception does not apply here.

Here, counsel never sought specific authorization for polygraph services and he now seeks approval of a total amount that is nearly <u>seven times</u> the amount budgeted for an investigator. Counsel has not explained why it was necessary to spend anything beyond the pre-approved amount for an investigator.[1] The Court appreciates the fact that counsel and the budgeting attorney cannot perfectly predict the cost of necessary services. Even so, the entire budgeting process envisions that counsel will ask to modify the budget before expending significant additional resources. In addition, counsel has not shown that "timely procurement of necessary services could not await prior authorization." 18 U.S.C. § 3006A(e)(2)(B). The Court therefore denies counsel's request for approval of an additional $3,493.10 for polygraph services. To find otherwise would make a mockery of the case budgeting process.

**IT IS SO ORDERED**.

Dated this 28th day of June, 2017 at Kansas City, Kansas.

s/ Kathryn H. Vratil<br>
KATHRYN H. VRATIL<br>
United States District Judge

---

[1] The approved budget provided for $595.00 for investigator services and $1,425.00 for interpreter services. Counsel states that he understood that the "investigator/interpreter funds could be spent interchangeably." Letter at 1. Even if the Court agreed that counsel could use the funds interchangeably, counsel fails to note that the amount spent for interpreter services, $1,991.30, exceeded the budgeted amount. Accordingly, counsel's understanding about using interpreter and investigator funds of $2,020 interchangeably does not justify spending twice that amount for an entirely separate category of services.