# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> FAUSTINO SOTO, ) <br> ) <br> Defendant. ) <br> ) | CRIMINAL ACTION <br><br> No. 14-20014-12-KHV |

## MEMORANDUM AND ORDER

On August 24, 2016, the Court sentenced defendant to a controlling term of 420 months in prison. See Judgment In A Criminal Case (Doc. #565). On August 7, 2019, the Court vacated defendant's conviction and sentence. See Order (Doc. #828). This matter is before the Court on the joint request for an extension of the speedy trial deadline (set forth in the parties' Status Report (Doc. #838) filed September 6, 2019) and the government's Motion For Continued Designation As A Complex Case (Doc. #844) filed October 8, 2019. For reasons stated below, the Court extends the speedy trial deadline from 70 to 180 days and overrules as moot the government's motion.

### I.    Extension Of Speedy Trial Deadline

Under the Speedy Trial Act, trial of defendant must commence within 70 days from the date that the Court vacated his conviction and sentence. See 18 U.S.C. § 3161(e). Because defendant is to be tried after a successful collateral attack, the Court may extend the period for retrial up to 180 days if "unavailability of witnesses or other factors resulting from passage of time . . . make trial within seventy days impractical." Id. The parties ask the Court to extend the speedy trial deadline to 180 days. See Status Report (Doc. #838) at 4 (citing unavailability of witnesses

and other factors).  Based on the unavailability of witnesses, the pause in the prosecution of defendant for more than three years and the need for defense counsel to conduct additional investigation, trial within 70 days would be impractical.  The Court extends the deadline for trial of defendant to 180 days from August 7, 2019 (the date of the Court's order which vacated his conviction and sentence).

## II.     Designation As A Complex Case

Counsel for the parties agree that the following factors support a designation of this matter as a complex case:

> (1)     The charges brought in this case were brought after a coordinated drug investigation involving local, state, and federal agencies, which spanned from December 2012 to January 2014 in the District of Kansas.  There is a large volume of reports, audio and video-recorded evidence and documentary evidence that defense counsel will need to review and discuss with the defendants.  Specifically, the investigation has generated approximately five thousand pages of documents as well as approximately fifty discs containing audio and video recordings.
>
> (2)     Counsel for the defendant will need time to review pleadings and transcripts related to the co-conspirators and his associates in preparation for trial.
>
> (3)     As this matter was investigated over five years ago, unavailability of witnesses or other factors resulting from passage of time would make trial preparation within seventy days impractical.
>
> (4)     The District Court's *Order* states, "further factual investigation is necessary on defendant's Sixth Amendment claim after a ruling in *United States v. Black*, D. Kan. No. 16-20032-JAR" (ECF No. 828 at 1).  Defense counsel will need additional time to conduct the factual investigation outlined.

Status Report (Doc. #838) at 5-6.

The parties ask for a complex case designation under Section 3161(h)(7), purportedly so that "any period of delay resulting from a continuance of the proceedings beyond the statutory speedy trial time period is justified because the ends of justice served by taking such action outweighs the best interest of the public and the defendants in a speedy trial." Status Report (Doc.

#838) at 4-5; see Motion For Continued Designation As A Complex Case (Doc. #844) at 1. The Court designates a case as complex under Section 3161(h)(7) only in the context of a specific motion for extension of time or designation of time as excluded for speedy trial calculations. As noted above, under Section 3161(e), the Court has extended the statutory deadline to 180 days. The extension of the statutory deadline under Section 3161(e) is in addition to any extensions or designation of excludable time under Section 3161(h)(7). See 18 U.S.C. § 3161(e) (periods of delay enumerated in subsection (h) excluded in computing time limitations specified in subsection (e)). Under the ends-of-justice provision in Section 3161(h)(7), the parties have not requested an extension of the 180-day deadline or a designation of certain time as excluded. Absent a request for a specific extension of time or designation of excludable time, the Court finds it unnecessary to address the parties' request to designate the case as complex. Accordingly, the Court overrules as moot the government's motion for a complex case designation.

**IT IS THEREFORE ORDERED that pursuant to 18 U.S.C. § 3161(e), the deadline for retrial of defendant is 180 days from August 7, 2019 (the date of the Court's order which vacated his conviction and sentence).**

**IT IS FURTHER ORDERED** that the government's Motion For Continued Designation As A Complex Case (Doc. #844) filed October 8, 2019 is **OVERRULED as moot**.

Dated this 21st day of October, 2019 at Kansas City, Kansas.

> s/ Kathryn H. Vratil
> KATHRYN H. VRATIL
> United States District Judge