**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL ACTION |
| | ) | |
| v. | ) | No. 14-20014-12-KHV |
| | ) | |
| FAUSTINO SOTO, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM AND ORDER

On August 24, 2016, the Court sentenced defendant to a controlling term of 420 months in prison. See Judgment In A Criminal Case (Doc. #565). On August 7, 2019, the Court vacated defendant's conviction and sentence. See Order (Doc. #828). This matter is before the Court on defendant's Motion To Extend Speedy Trial (Doc. #848) filed November 12, 2019. For reasons stated below, the Court sustains defendant's motion in part.

Under the Speedy Trial Act, trial of defendant ordinarily must commence within 70 days from the date that the Court vacated his conviction and sentence. See 18 U.S.C. § 3161(e). Here, the Court extended the statutory deadline to 180 days based on the unavailability of witnesses, the pause in the prosecution of defendant for more than three years and the need for defense counsel to conduct additional investigation. See Memorandum And Order (Doc. #845) filed October 21, 2019.

On October 28, 2019, Magistrate Judge James P. O'Hara held a status and scheduling conference. At the hearing, defense counsel stated that defendant may not be ready for trial before the 180-day deadline. Judge O'Hara continued the conference until further order so that defense counsel could file a detailed motion to extend the trial deadline.

On November 12, 2019, defendant filed a motion that requests a 120-day extension of the trial deadline under the ends-of-justice provision of the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A). In determining whether to exclude time under Section 3161(h)(7)(A), the Court considers whether the ends of justice served by granting an extension outweigh the best interests of the public and defendant in a speedy trial. United States v. Toombs, 574 F.3d 1262, 1268 (10th Cir. 2009). In doing so, the Court considers (among others) the following factors:

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
>
> (iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex.
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B).

Defendant asserts that the following factors justify the continuance:

1. His case has previously been designated as a Complex Case (ECF Docs. 17, 18 and 96) and the factors that the Court applied in making a complex case designation have not changed.

2. Counsel has been in the process of reviewing the 128 gigabytes of discovery provided by the government. The discovery is over 20,000 pages of reports and approximately 50 discs containing audio and video recordings. Counsel has devoted at least fifty hours to the initial review of reports and pleadings relating to

Mr. Soto's case. Counsel has had seven face to face meetings with Mr. Soto (with the aid of a Spanish interpreter) to discuss previously filed pleadings and for factual clarifications relating to discovery.

3. Based on the volume of discovery, counsel cannot adequately review the reports and audio/video discovery by the current trial deadline of early February 2020. Counsel is still reviewing and absorbing material relevant to Mr. Soto's case. Counsel must be granted sufficient time to review discovery so that competent legal advice can be provided to Mr. Soto regarding a trial versus a negotiated settlement to his case.

4. Counsel is investigating potential Sixth Amendment violations for the defendant based on the ruling in United State v. Black, D. Kan. No. 16-20032. To date a review of the transcripts from the Black litigation has not been accomplished on behalf of Mr. Soto, as counsel is still reviewing the pertinent discovery to the current prosecution against him.

Motion To Extend Speedy Trial (Doc. #848) at 1-2.

Based on these reasons, a continuance of the status and scheduling conference (which was held in part on October 28, 2019) until December 20, 2019 is necessary in light of the complexity of this case and to allow counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. See 18 U.S.C. § 3161(h)(7)(B)(ii) and (iv). The ends of justice served by granting a continuance outweigh the interests of the public and defendant in a speedy trial.[1]

**IT IS THEREFORE ORDERED** that defendant's Motion To Extend Speedy Trial (Doc. #848) filed November 12, 2019 is **SUSTAINED in part**. **The status and scheduling conference, which was held in part on October 28, 2019, is continued to December 20, 2019 at 10:30 AM before Magistrate Judge James P. O'Hara.**

---

[1] Defendant asks for a 120-day extension of the trial deadline. While defense counsel may ultimately need 120 additional days to prepare for trial, the Court finds that only a continuance of the status and scheduling conference for nearly 60 days is warranted at this stage. If defendant finds that additional time is needed, he may file a motion to continue before or at the status and scheduling conference on December 20, 2019.

**IT IS FURTHER ORDERED** that the delay caused by this continuance – from October 28, 2019 to December 20, 2019 – shall be excludable pursuant to 18 U.S.C. § 3161(h)(7)(A).

Dated this 22nd day of November, 2019 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge